# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICIA PRITCHETT,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.,<br>d/b/a WAL-MART SUPERCENTER STORE #130,<br><br>    Defendant. | Case No. CIV-11-052-RAW |

## ORDER

Before the court is Plaintiff's Opposition to Defendant's Notice of Removal [Docket No. 8], which the court construes as a motion to remand. For the following reasons, the motion is hereby DENIED.

## BACKGROUND

Plaintiff filed her Petition in state court on November 5, 2010. In her Petition, Plaintiff requests damages "in an amount in excess of $10,000.00, together with interest, costs of the suit, attorney fees allowable by law, and any other relief the Court deems just." On January 18, 2011, Plaintiff sent to Defendant her Response to Defendant's Request for Admission.

Defendant's one request for admission reads: "Admit that the amount in controversy in this action, including claims for damage made by Plaintiff, exclusive of Plaintiff's claims for punitive

damages, does not exceed the sum or value of $75,000.00 exclusive of interest and costs." Plaintiff's response reads: "Denied."

On February 9, 2011, Defendant filed its Notice of Removal. Defendant based its removal on diversity jurisdiction, stating that the amount in controversy exceeds $75,000, exclusive of interests or costs. The Notice of Removal includes Plaintiff's Response to Defendant's Request for Admission.

Plaintiff now argues that this action should be remanded because her denial of the request for admission was not a direct admission that the amount in controversy exceeds $75,000. She argues that she "simply refused to admit that the amount in controversy *does not* exceed the sum of $75,000.00." She states that she denied the request because she did not know the precise extent of her damages. She further states that she is still in the process of ascertaining the full extent of her damages, as her medical bills have been difficult to obtain. Plaintiff states, however, her belief that her damages are equal to or less than $75,000. Defendant argues that in denying the request for admission, she denied the truth of the statement.

## ESTABLISHMENT OF THE REQUISITE AMOUNT IN CONTROVERSY

In order for a federal court to have jurisdiction in a diversity case, the amount in controversy must be in excess of $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has held that "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The party requesting removal bears the burden of setting forth "in the notice of

removal itself, the '*underlying facts* supporting [the] assertion that the amount in controversy exceeds' the jurisdictional amount.'" Id. (citation omitted).

A defendant must establish the jurisdictional amount by a preponderance of the evidence. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). As the Tenth Circuit has also stated the standard: "[a] defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that [more than] $75,000 [is] in play . . . ." McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008).

"The 'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself." Id. at 954. "It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy." Id. at 955. In other words, once a defendant has proved the jurisdictional facts beyond a preponderance of the evidence, uncertainty about whether the damages will actually exceed $75,000 will not justify dismissal. Id. (quoting Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006).

At issue here, then, is whether Defendant included facts sufficient in its Notice of Removal that prove by a preponderance of the evidence that the amount in controversy is in excess of $75,000. If Defendant has met that burden, uncertainty about whether the damages will actually exceed $75,000 will not justify a remand.

## ANALYSIS

To meet its burden, a defendant wishing to remove may use several types of proof, including "interrogatories or admissions in state court." Id. at 954. In an Oklahoma civil action, a party may serve another party a written request for admission for the truth of any matter within the scope of the

3

discovery limits. 12 OKLA. STAT. § 3236(A). As Defendant argues, the opposing party may then either admit, deny, or "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Id. With these options its is clear, as Defendant argues, that in denying a request for admission, a party denies the truth of the statement.

Along with its good faith belief that the amount in controversy in this case exceeds $75,000, Defendant included in its Notice of Removal the fact that when directed to <u>admit or deny</u> that her claims do not exceed $75,000, Plaintiff <u>denied</u>. Effectively, she admitted that her claims may exceed $75,000. The court finds, therefore, that Defendant's Notice of Removal included facts sufficient to establish the requisite amount in controversy by a preponderance of the evidence. Plaintiff's statement in her motion that she believes her total damages will ultimately be equal to or less than $75,000 does not defeat jurisdiction.

## CONCLUSION

Accordingly, Plaintiff's Motion to Remand [Docket No. 8] is hereby DENIED.

IT IS SO ORDERED this 4th day of April, 2011.

**Dated this 4th day of April, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

4